**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

MICHAEL P. TATRO,
*Plaintiff (PRO SE),*

vs. C.A. No: 06 333 ML

EDWARD CONWAY, et al *(Former C.A. No. KC06-0527)*
*Defendants*

**DEFENDANTS', CITY OF WARWICK TREASURER, WARWICK POLICE DEPARTMENT AND CHIEF STEPHEN MCCARTNEY, MOTION TO DISMISS IN LIEU OF ANSWER IN ACCORDANCE WITH RULE 12(B)(6)**

NOW COME the Defendants, City of Warwick Treasurer, Warwick Police Department and Chief Stephen McCartney, and hereby move this Court for an Order dismissing Plaintiff's Complaint against them pursuant to Rule 12(b)(6) of the Rhode Island Federal Rules of Civil Procedure. As grounds, Defendants state that Plaintiff's Complaint fails to state a claim against them. Defendants further rely on their Memorandum attached hereto and made a part hereof.

Defendants,
By their attorneys,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
*marc@desistolaw.com*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| MICHAEL P. TATRO, *Plaintiff (PRO SE)*, | |
| vs. | C.A. No: 06 333 ML |
| EDWARD CONWAY, et al *Defendants* | *( Former C.A. No. KC06-0527 )* |

**MEMORANDUM OF DEFENDANTS, CITY OF WARWICK TREASURER, WARWICK POLICE DEPARTMENT AND CHIEF STEPHEN MCCARTNEY, IN SUPPORT OF THEIR MOTION TO DISMISS IN LIEU OF ANSWER IN ACCORDANCE WITH RULE 12(B)(6)**

## I. INTRODUCTION AND TRAVEL

Defendants—City of Warwick Treasurer, Warwick Police Department and Chief Stephen McCartney ("Defendants")—hereby move to dismiss, in lieu of answer, the above captioned case and submit that the instant Amended Complaint is time-barred. On June 7, 2006, pro se plaintiff, Michael P. Tatro, (hereinafter "plaintiff"), filed a Complaint[1] in Kent County Superior Court against Edward Conway[2]; City of Warwick's Treasurer; Warwick Police Department; and Chief Stephen McCartney, seeking to recover under 42 U.S.C. § 1983[3] for alleged constitutional violations and state law for alleged tortious conduct by defendants. Plaintiff's Complaint stems from plaintiff's alleged series of contacts with retired Warwick Police Officer Edward Conway from 1978 to 1988. Plaintiff alleges in his Amended Complaint that he was sexually assaulted

[1] This Complaint was subsequently amended on June 22, 2006. See *Exhibit A, "Plaintiff's Amended Complain"*.
[2] To the best knowledge of the instant defendants, to date, Edward Conway has not been served with a copy of the instant complaint.
[3] Although plaintiff does not cite the specific constitutional provision allegedly violated, Plaintiff maintains that his civil rights were violated when he was unlawfully arrested, imprisoned and sexually assaulted by defendant Conley. Plaintiff further alleges state law claims of battery, failure to report commission of a crime, intentional infliction of emotional harm, personal injury, premises liability and "Breach of contract." See *Exhibit A.*

by defendant Conway at various times during this time frame. *See Exhibit A, "Plaintiff's Amended Complaint".* In light of the federal civil rights claims, the instant defendants, City of Warwick Treasurer, Warwick Police Department and Chief Stephen McCartney, (hereinafter "defendants") removed this matter to this Court. Defendants now move, in lieu of answer, to dismiss the instant complaint.

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of actions which fail to state a claim upon which relief can be granted. *Fed. R. Civ. P. 12(b)(6).* "When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court 'should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts.'" *Theta Prods. v. Zippo Mfg. Co.*, 81 F.Supp.2d 346, 348 (D.R.I. 1999), citing *Roma Const. Co., v. a Russo*, 96 F.3d 566, 569 (1st Cir. 1996). The Court will accept plaintiff's well-pleaded facts in the complaint as true and construe those facts in a light most favorable to the plaintiff. *Id.*, referencing *Chongris v. Board of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987).

Employing this standard, plaintiff alleges that he was subject to repeated molestation at the home of retired Officer Conway in North Kingstown, R.I., between the following dates: 1) January 1, 1978 and September 15, 1983; 2) January 1, 1978 and July 31, 1985; and 3) September 16, 1983 and July 31, 1985. Plaintiff further alleges that between July 31, 1985 and September 15, 1988, he was falsely arrested, imprisoned, and sexually assaulted by Officer Conway while Office Conley was on duty in the City of Warwick. Defendants respectfully submit that even accepting these allegations as true (which defendants expressly deny), the statute of limitations has run on all of plaintiff's claims, and thus the instant Motion to Dismiss in

Lieu of Answer should be granted as to all claims against the instant defendants.

## III. ARGUMENT

### A. The Statute of Limitations on Plaintiff's § 1983 and State Tort Claims is Three (3) Years.

In addition to the §1983 claims, plaintiff brings a series of state tort claims against the defendants for events that allegedly took place between January 1, 1978 and September 15, 1988. Defendants submit that the statute of limitations on the civil rights and state tort claims ran as of September 15, 1991. Accordingly, all of the plaintiff's claims are time barred, and the Motion to Dismiss in Lieu of Answer should be granted.

In determining whether or not an action is time-barred, "one must consider both the period of limitations and the circumstances under which it is tolled." Smith v. Rev. William C. O'Connell, et al., 997 F.Supp. 226, 232 (D.R.I. 1998), aff'd by sub nomine at Kelly v. Marcantonio, 187 F.3d 192, (1st Cir. 1999). "Because 42 U.S.C. §1983 does not contain its own statute of limitations, courts have uniformly 'borrowed' the state of limitations that would apply to the most analogous state cause of action." Pearman v. Walker, 512 F.Supp. 228, 230 (D.R.I. 1981) citing Bd. of Regents of the Univ. of the State of New York v. Tomanio, 446 U.S. 478, 483-84 (1980) (citations omitted).

In the instant case, the state action version of false arrest and assault and battery are most analogous to plaintiff's civil rights claims. Wilson v. Garcia, 471 U.S. 261, 273 (1985)*(§ 1983 claims for false arrest and assault and battery are subject to the State statute of limitations for false arrest and assault and battery personal injury actions). See also* Adams v. Town of Burrillville, 249 F.Supp.2d 151, 154 (D.R.I., 2003) *(Personal injury claims brought under 28 U.S.C. §1983 are "subject to the state statute of limitations for personal injury actions...").*

# Exhibit A
# Plaintiff's Amended Complaint

STATE OF RHODE ISLAND
KENT COUNTY, SC.

SUPERIOR COURT

MICHAEL P. TATRO :
(PLAINTIFF) :
:
VS. :
:
:
EDWARD CONWAY :
CITY OF WARWICK TREASURER :
WARWICK POLICE DEPARTMENT :
CHIEF STEPHEN MCCARTNEY :
JOHN DOE # 1 :
JOHN DOE # 2 :
JOHN DOE # 3 :
JOHN DOE # 4 :
JOHN DOE # 5 :
JOHN DOE # 6 :

CA.NO. K06-527

## AMENDED COMPLAINT

1. This is a civil action against retired Warwick Police Officer Edward Conway, The City of Warwick Treasurer, The Warwick Police Department, Chief Stephen McCartney, and six John Doe Defendants. The complaint seeks damages for injuries sustained as a result of a prolonged series of assaults and sexual assaults committed by Edward Conway as well as allegations of extortion, kidnapping, intentional infliction of emotional harm, negligence, premise liability, breach of contract and civil rights violations under 42 U.S.C. §1983.

## PARTIES

2. Plaintiff, Michael P. Tatro, is a resident of the City of Cranston.

3. Defendant, Warwick City Treasurer is the duely appointed representative of the City of Warwick which all claims for monetary damages against the City of Warwick or its personell must be

**FACTS**

15. On January 5, 2006, the Plaintiff, Michael P. Tatro, ("Tatro" or "Plaintiff") presented a demand against the City of Warwick, more specifically to the Warwick City Counsel, pursuant to R.I.G.L. §45-15-5, for the claims set forth in this Civil Action. [ copy is attached as exhibit (1) ].

16. Plaintiff allowed the statutorily required period of forty (40) days to pass, and having received no response from Said City Counsel, either admitting or dening the demand refered to in ¶15, Plaintiff now brings suit against the Warwick City Treasurer and numerous other defendants.

17. Tatro, now 36 years old, was born on September 15, 1970, in the State of Rhode Island.

18. For the periods complained of in this Civil Action between January 1, 1971 and July 31, 1985, the Plaintiff resided with his biological family at 103 Love Lane, in the Town of North Kingstown, County of Washington, State of Rhode Island.

19. Upon information and belief, the perpetrator-defendant, Edward Conway, lived in single family home located at 100 Love Lane in the Town of North Kingstown, County of Washington, State of Rhode Island sporadically between January of 1978 and July of 1985.

20. Upon information and belief, the perpetrator defendant lived at said 100 Love Lane, with his wife, Lois A. Conway.

21. Perpetrator-Defendant, upon information and belief was a Warwick Police Officer at all times while he lived at said 100 Love Lane.[1]

1. All references to "Perpetrator-Defendant" refer to Edward Conway.

Jun 30 06 02:58p WARWICK POLICE DEPARTMENT 4684327 p.6

22. During the Perpetrator-Defendant's occupation of or residency at, 100 Love Lane, North Kingstown, RI, Perpetrator-Defendant did keep and store pistols, rifle,shotguns and ammunition inside the dwelling house and inside the garage attached to the dwelling house.

23. During the Perpetrator-Defendant's occupation of or residency at, 100 Love Lane, North Kingstown, RI, Perpetrator-Defednant did Keep and store the uniform of the Warwick Police Department, as was issued to him by the City of Warwick and the Warwick Police Department.

24. During the Perpetrator Defendant's occupation of or residency at, 100 Love Lane, North Kingstown, RI, Perpetrator-Defendant did keep, possess, store or otherwise wear the uniform of the Warwick Police Department, including the badge of identification issued to him by the Warwick Police Department.

25. On a day and dates between January 1, 1978 and September 15, 1983, the Perpetrator-Defendant Edward Conway, then being a Warwick Police Officer, while at 100 Love Lane, North Kingstown, RI, did kidnapp the Plaintiff and hold him against his will.

26. On a day and dates between January 1, 1978 and September 15, 1983, the Perpetrator Defendant Edward Conway, then being a Warwick Police Officer, while at 100 Love Lane, North Kingstown, RI, did assault the Plaintiff with a dangerous weapon, to wit a Billard Table.

27. On a day and dates between January 1, 1978 and September 15, 1983, the Perpetrator-Defendant Edward Conway, then being a Warwick Police Officer, while at 100 Love Lane, North Kingstown, RI, did Threaten and extort the Plaintiff with threats against his biological father, Paul E. Tatro, of arrest and physical harm in order to force the plaintiff to engage in sexual contact against his will.

with the Perpetrator-Defedant, against the will of the Plaintiff.

28. On a day and dates between January 1, 1978 and September 15, 1983, the Perpetrator-Defendant Edward Conway, then being a Warwick Police Officer, while at 100 Love Lane, North Kingstown, RI, did threaten and extort the Plaintiff with threats of arrest and physical harm against the Plaintiff's Biological Father, Paul E. Tatro., in order to for the Plaintiff to engage in sexual penetration with the Perpetrator-Defendant, against the will of the Plaintiff.

29. On a day and dates between January 1, 1978 and September 15, 1983, the Perpetrator-Defendant, then a Warwick Police Officer, while at said 100 Love Lane, North Kingstown, RI, did force the Plaintiff to engage in sexual contact with the Perpetrator-Defendant, against the will of the Plaintiff.

30. On a day and dates between January 1, 1978 and September 15, 1983, the Perpetrator-Defendant Edward Conway, did force the Plaintiff to engage in sexual penetration, against his will.

31. On a day and dates between January 1, 1978 and September 15, 1983, the Perpetrator-Defendant Edward Conway, did fail to report the commission of a sexual assault to the Local or State Police.

32. On a day and dates between January 1, 1978 and September 15, 1983, the Perpetrator-Defendant Edward Conway, did assault and batter the Plaintiff with the intent to comit the crime of first degree sexual assault.

33. On a day and dates between January 1, 1978 and September 15, 1983, the Perpetrator-Defendant Edward Conway, Did threaten or intimidate the Plaintiff in order to prevent him from reporting the conduct complained of to his parents, teachers or the police.

34. On a day and dates between September 16, 1983, and July 31, 1985, the Perpetrator-Defendant Edward Conway, then being a Warwick Police Officer, while at 100 Love Lane, North Kingstown, RI, did kidnapp the plaintiff and hold him at said 100 Love Lane, North Kingstown, RI, against his will.

35. On a day and dates between January 1, 1978 and July 31, 1985, the Perpetrator-Defendant Edward Conway, then being a Warwick Police Officer, while at 100 Love Lane North Kingstown, RI, did assault the plaintiff.

36. On a day and dates between September 16, 1983 and July 31, 1985, the Perpetrator-Defendant Edward Conway, then being a Warwick Police Officer, while at 100 Love Lane, North Kingstown, RI, did threaten and extort the Plaintiff with threats of arrest and physical harm agaisnt his biological father, Paul E. Tatro, in order to force the Plaintiff to engage in sexual contact with the Perpetrator-Defendant, against the will of the Plaintiff.

37. On a day and dates between September 16, 1983 and July 31, 1985, the Perpetrator-Defendant, the being a Warwick Police Officer, while at 100 Love Lane, North Kingstown, RI, did threaten and extort the Plaintiff with threats of arrest and physical harm against his biological father, Paul E. Tatro, in order to force the Plaintiff to engage in sexual penetration with the Perpetrator-Defednant, against the will of the Plaintiff.

38. On a day and dates between September 16, 1983 and July 31, 1985, the Perpetrator-Defendant, Edward Conway, then being a Warwick Police Officer, did force the Plaintiff to engage in sexual contact with the perpetrator-defendant, agaisnt the will of the Plaintiff.

39. On a day and dates between September 16, 1983 and July 31, 1985, the Perpetrator-Defedant Edward Conway, then being a Warwick Police Officer, did force the Plaintiff to engage in sexual penetration agaisnt his will.

40. On a day and dates between Septemeber 16, 1983 and July 31, 1985, the Perpetrator-Defendant Edward Conway, then being a Warwick Police Officer, did assault and batter the Plaintiff with the intent to commit first degree sexual assault.

41. On a day and dates between September 16, 1983 and July 31, 1985, the Perpetrator-Defendant Edward Conway, then being a Warwick Police Officer, did fail to report the commission of a sexual assault to the local or State Police.

42. On a day and dates between September 16, 1983 and July 31, 1985, the Perpetratro-Defendant Edward Conway, then being a Warwick Police Officer, did threaten or intimidate the Plaintiff in order to prevent him from reporting the conduct complained of to his parents, teachers or the police.

43. On a day and dates between July 31, 1985 and September 15, 1988, the Perpetrator-Defendant did Kidnapp the Plaintiff, while the Perpetrator-Defendant was on duty, in uniform and operating a Warwick Police Department vehicle and hold him therein against his will.

44. On a day and dates between July 31, 1985 and September 15, 1988, the Perpetrator-Defendant Edward Conway, did wrongfully Arrest and detain the Plaintiff, in an effort to force the Plaintiff to engage in sexual contact with the Perpetrator-Defendant, against the will of the Plaintiff.

45. On a day and dates between July 31, 1985 and September 15, 1988, the Perpetrator-Defendant Edward Conway , did wrongfully imprison the Plaintiff inside a Warwick Police Vehicle and transport him against his will from a location on Warwick Avenue in the City of Warwick, to a location behind the former ALMACS Supermarket, located on West Shore Road, in the Buttonwoods section of the City of Warwick, and thereat forced the Plaintiff to engage in sexual contact against his will.

46. On a day and dates between July 31, 1895 and September 15, 1988, the Perpetrator-Defendant Edward Conway, did wrongfully imprison the Plaintiff inside a Warwick Police Vehicle and transport his against his will from a location on Warwick Avenue in the City of Warwick, to a location behind the former ALMACS Supermarket, located on West Shore Road, in the Buttonwoods section of the City of Warwick, and thereat forced the plaintiff to engage in sexual penetration against his will.

47. On a day and dates between July 31, 1985 and September 15, 1988, the Perpetrator-Defendant Edward Conway, did wrongfully imprison the Plaintiff inside a motor-vehicle, while on duty as a detail officer at the former Rocky Point Amusement Park, and did force the Plaintiff to engage in sexual contact against his will, while so confined therein.

48. On a day and dates between July 31, 1985 and September 15, 1988, the Perpetrator-Defendant, while on duty as a detail officer at the former Rocky Point Amusement Park, did force the Plaintiff to engage in sexual pentration against his will.

49. On a day and dates between July 31, 1985 and September 15,1988, the Perpetrator-Defedant, while on duty as a Warwick Police Detail Officer, at the former Rocky Point Amusement Park, did assault and batter the Plaintiff.

50. On a day and dates between July 31, 1985 and September 15, 1988, the Perpetrator-Defendant, while on duty as a Warwick Police Detail Officer, at the former Rocky Point Amusement Park, did threaten and extort the Plaintiff with threats of physical harm and arrest of his biological father, Paul E. Tatro, in order to force the Plaintiff to engage in sexual contact and sexual penetration against his will.

**COUNT ONE**
(PERSONAL INJURY)

51. The plaintiff alleges and realleges the facts as set-forth in ¶ 15-50 against Perpetrator-Defendant Edward Conway.

52. The actions of the Perpetrator-Defendant did cause injury to the Plaintiff, physically, together with great suffering of mind and body.

**COUNT TWO**
(PERSONAL INJURY)

53. The Plaintiff alleges and realleges the facts as set-forth in ¶15-50 against Perpetrator Defendant Edward Conway.

54. The actions of the Perpetrator-Defendant did cause serious emotional, psychological and mental injury to the Plaintiff.

## COUNT THREE

**(NEGLIGENCE)**

55. The Plaintiff alleges and realleges the facts as set-forth in ¶ 15-50, against the Perpetrator-Defendant, Edward Conway.

56. The actions of the Perpetrator-Defendant as set-forth in ¶ 17-43, consitute a negligent breach of the Perpetrator-Defendant's duty to reasonably maintain a safe environment for the benefit of those persons, specifically the Plaintiff, who are lawfully or otherwise invited onto the property located at 100 Love Lane, North Kingstown, RI.

57. The negligent actions of the Perpetrator-Defendant as set-forth in ¶ 17-43 were the proximate cause of serious physical emotional and psychological injuries to the Plaintiff.

## COUNT FOUR

(PREMISE LIABILITY)

58. The Plaintiff alleges and realleges the facts as set-forth in ¶ 15-50, against the Perpetrator-Defendant, Edward Conway.

59. The actions of the Perpetrator-Defendant as set-forth in ¶ 17-43. constitute a breach of the Perpetrator Defendant's duty to protect the Plaintiff against the risk of dangerous conditions exisiting on the premises located at 100 Love Lane, North Kingtown, RI.

60. The actions of the Perpetrator-Defendant, as set-forth in ¶ 17-43 were the proximate cause of serious physical, emotional and psychological injury to the Plaintiff.

## COUNT FIVE

## (VIOLATION OF 42 U.S.C. §1983)

61. The Plaintiff alleges and realleges the facts as setforth in ¶15-50 against the Perpetrator-Defendant Edward Conway, the Treasurer of the City of Warwick, The Warwick Police Department, Chief Stephen McCartney, and John Doe defendants #1-5.

62. The actions of Defendant-Perpetrator Edward Conway as set-forth in ¶15-50, constitute a violation of the Plainttiff's civil rights under 42 U.S.C. ¶1983, in that he was assaulted, sexually assaulted, kidnapped, extorted, wrongfully arrested and wrongfully imprisoned by a Warwick Police Officer, while in uniform, on duty and or otherwise relying on the authority vested within him as a Police Officer.

63. As a result of the actions of the Perpetrator-Defendant, the Warwick City Treasurer, the Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants #1-5, the Plaintiff has and will continue to suffer serious physical, emotional and psychological harm.

64. As a result of the actions of the Perpetrator-Defendant, the City of Warwick Treasurer, the Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants #1-5, the Plaintiff has sustained a loss of freedom, wages, and association with his family.

65. As a result of the actions of the defendants identified in ¶ 64 the plaintiff will continue to suffer from the injuries sustained at the hands of the Perpetrator-Defendant Edward Conway set forth in ¶ 17-50.

## COUNT SIX

### (VIOLATION OF 42 U.S.C. ¶1983)

66. The Plaintiff alleges and realleges the facts as set-forth in ¶15-50, against the Perpetrator-Defendant Edward Conway, The Warwick City Treasurer, The Warwick Pòlice Department, Chief Stephen McCartney, and John Dõe Defendants 1-5.

67. Defendants, City of Warwick Treasurer, Warwick Police Department, Chief Stephen McCartney and John Doe Defendants #1-5, failed to properly supervise, train or otherwise maintian control over Defendant-Perpetrator Edward Conway, while he was a Warwick Police Officer, in possession or control of any Warwick Police Department Equipment, including, but not limited to, a Patrol Car, Knight-stick, Uniform, Badge of Identification, Service Weapon, or any other item issued by the Warwick Police Department for the execution of the duty and office of Police Officer, in and for the City of Warwick.

68. The Negligence of the Defendants identified in ¶ 67, has caused and will continue to cause the Plaintiff to sustain serious physical, emotional and psychological injuries, including the detoriatior of his mental state so as to deprive him of the ability to conform his behavior to the rules of society, resulting in extended periods of incarceration.

**(COUNT SEVEN)**

**(INTENTIONAL INFLICTION OF EMOTIONAL HARM)**

69. The Plaintiff alleges and realleges the facts as set-forth in ¶ 15-50, against Perpetrator-Defendant, Edward Conway.

70. The actions of the Perpetrator-Defendant, Edward Conway, are the very definition of willful and intentional infliction of emotional harm.

71. As a result of the actions of the Perpetrator-Defendant, Edward Conway, the Plaintiff has been diagnosed with Multiple Peronality Disorder, Depression and Post-Traumatic Stress Syndrome, and a such is under the care or a psychiatrist and must take numerous medications on a daily basis.

72. As a result of the actions of the Perpetrator-Defendant, Edward Conway, the Plaintiff has suffered from an extreme inability to regularly conform his behavior to the rules of society.

73. As a result of the actions of the Perpetrator-Defendant,Edward Conway, the Plaintiff has suffered the loss of Wife, Step-Child and Child, due to the severe mental disability from which he suffers.

**(COUNT EIGHT)**

**(INTENTIONAL INFLICTION OF EMOTIONAL HARM)**

74. The Plaintiff alleges and realleges the facts as set-forth in¶15-50, against each defendant individually.

75. The actions of the defendants in ¶15-50 have caused the Plaintiff to suffer extreme emotional harm, including the loss of Marital Relationship, Companionship of his children, the ability

to form and maintain meanigful relationships and to conform his behavior to the rules of society and to be able to manage his day to day affairs.

76. As a result of the actions setforth in ¶15-50, the Plaintiff has and will continue to suffer great financial loss as well as the loss of his freedom.

**(COUNT NINE)**

77. The plaintiff alleges and realleges the facts as setforth in ¶15-50 against each defendant jointly and individually.

78. The actions of the Perpetrator-Defendant in failing to report the commission of the crime of first degree sexual assault as required by the General Laws of this State, and the failure of the Respondent-Defendants to train, or otherwise cause the Perpetrator -Defendant to know of, comply with or enforce, said law, have caused the Plaintiff to suffer great physical, emotional, and financial loss, have degraded his standing in the community, deprived him of the compainionship of his wife, children and family, interferred with his ability to form and benefit from meaningful relationships, or to conform his bahavior to the rules of society and to be able to manage his daily affairs.

**(COUNT TEN)**

79. The plaintiff alleges and realleges the facts setforth in ¶15-50, against each defendant jointly and individually.

80. The actions of the defendant constitute a negligent breach of the City of Warwick's, the Warwick Police Department's, Edward Conway's and John Does 1-5's, contract and duty to protect the plaintiff and to effect or enforce the Laws of this State.

81. As a result of the breach of contract by each defendant, the plaintiff has and will continue to suffer great physical, emotional, and financial loss, has been degraded in standing in the community, been deprived of the compainionship of his wife, children and family, and the society of same, has been unable to form and maintain meaningful relationships, or to conform his bahavior to the rules of society and to manage his day to day affairs.

**WHEREFORE**, the Plaintiff demands judgement against the defendants jointly and individually, in their official and personal capacity, for personal injury, lost wages, fales arrest, false imprisonment, assault, sexual assault, kidnapping, extortion, negligence, premise liability and breach of contract. Plaintiff further demands punitive damages against each defendant individually and jointly, in their official and personal capacity, together with interest, costs and relevent fees as may be permitted by law.

Respectfully Submitted:

Michael P. Tatro, Pro-Se
P.O. Box 8249
Cranston, RI 02920

**WARWICK CITY COUNCIL**
3275 Post Road
Warwick, RI 02886

January 5, 2006

RE: Complaint against the City of Warwick. Presentment pursuant to R.I.G.L. 45-15-5.

Dear Council Members:

Attached please find a copy of a Superior Court Civil Action which I have prepared, Pro-Se.

I hereby notify you of the same, in accordance with the requirements of the above stated General Law. If I do not hear from a representative of the City Council within forty (40) days, I will file suit in the Kent County Superior court.

I can be reached at the address below in order to discuss or arrange communication regarding this matter in the event that you wish to discuss my claim.

Thank you in advance.

Respectfully Submitted:

Michael P. Tatro, Pro-Se.
P.O. Box 8249
Cranston, RI 02920

CC: file

WARWICK POLICE DEPARTMENT 4684327 p.19