**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| MICHAEL P. TATRO<br>(PLAINTIFF)<br><br>VS.<br><br>EDWARD CONWAY, JR.<br>CITY OF WARWICK TREASURER<br>WARWICK POLICE DEPARTMENT<br>CHIEF STEPHEN MCCARTNEY<br>JOHN DOE #1<br>JOHN DOE #2<br>JOHN DOE #3<br>JOHN DOE #4<br>JOHN DOE #5<br>JOHN DOE #6 | C.A. No: 06-333ML<br><br>(Former CA NO K-06-527)<br><br>JURY TRAIL DEMANDED |

**SECOND AMENDED COMPLAINT**

1. This is a civil action against Retired Warwick Police Sergeant, Edward Conway, Jr., the City of Warwick Treasurer, The Warwick Police Department, Chief Stephen McCartney and six John Doe defendants. The complaint seeks damages for injuries sustained as a result of a prolonged series of assaults, sexual assaults, kidnapping, intimidation of a witness, obstruction of Justice, failure to report the commission of a first degree sexual assault, extortion, false arrest, false imprisonment, intentional infliction of emotional harm, negligence, premise liability, breach of contract, breach of fiduciary responsibility, and civil rights violations under 42 U.S.C. §1983.

**PARTIES**

2. Plaintiff, Michael P. Tatro, is a resident of the City of Cranston, Rhode Island.

3. Defendant, Warwick City Treasurer, is the duly appointed representative of the City of Warwick, upon which all claims for monetary damages against the City of Warwick or its personnel, must be brought, pursuant to the General Laws of the State of Rhode Island.

5. Defendant, Warwick Police Department, is an agency of the City of Warwick, Primarily charged with the responsibility of enforcing the General Laws of the State of Rhode Island,

the Municipal Laws of the City of Warwick and the overall administration of the Public Safety System in the City of Warwick.

6. Defendant, Retired Sergeant Edward Conway, is the perpetrator defendant, who upon information and belief resides at 232 Washington Street, Warwick, RI. He is an agent of the City of Warwick, The Warwick Police Department, Chief Stephen McCartney, and John Doe numbers 1-5 and is sued in his individual and official capacity.

7. Defendant, Chief Stephen McCartney, is the current Chief of the Warwick Police Department. He is sued in his official capacity.

8. Defendant John Doe #1 was the Chief of the Warwick Police Department during the period of 1978-1988 and as such was responsible for the overall supervision of, training of, and day-to-day management of the Warwick Police Department. He is sued in his official and individual capacity.

9. Defendant John Doe #2 was the Deputy Chief of the Warwick Police Department during the period of 1978-1988 and as such was responsible for the overall supervision of, training of, and day-to-day management of the Warwick Police Department. He is sued in his official and individual capacity.

10. Defendant John Doe #3 was a Captain of the Warwick Police Department during the period of 1978-1988 and as such was responsible for the overall supervision of, training of, and day-to-day management of the Warwick Police Department or certain personnel. He is an Agent of Defendant City of Warwick Treasurer, Warwick Police Department, Chief Stephen McCartney and John Doe number 1. He is sued in his official and individual capacity.

11. Defendant John Doe #4 was a Lieutenant of the Warwick Police Department during the period of 1978-1988 and as such was responsible for the overall supervision of, training of, and day-to-day management of the Warwick Police Department or certain personnel. He is an Agent of Defendants City of Warwick Treasurer, Warwick Police Department, Chief Stephen McCartney and John Doe numbers 2 and 3. He is sued in his official and individual capacity

12. Defendant John Doe #5 was a sergeant of the Warwick Police Department during the period of 1978-1988 and as such was responsible for the overall supervision of, training of, and day-to-day management of the Warwick Police Department or certain personnel. He is an Agent of Defendant City of Warwick Treasurer, Warwick Police Department, Chief Stephen McCartney and John Doe numbers 2,3 and 4. He is sued in his official and individual capacity.

13. Defendant, John Doe # 6, is an insurance company licensed to conduct business in the State of Rhode Island and was the provider of Home Owner's Liability Insurance Coverage to the Perpetrator Defendant, retired Sergeant Edward Conway, for the period of 1978 to 1988.

## JURISDICTION

14. The Plaintiff seeks damages against each Defendant individually in an amount sufficient to establish the jurisdiction of the Superior Court.

15. The Plaintiff expects that the damages in this case will exceed One Hundred Thousand Dollars. ($100,000.00)

## VENUE

16. Pursuant to R.I.G.L. § 9-4-3, venue in Kent County is proper.

## FACTS

17. On January 5, 2006, the Plaintiff, Michael P. Tatro, ["Tatro" or "Plaintiff"] presented a demand against the City of Warwick, more specifically to the Warwick City Council, Pursuant to R.I.G.L. §45-15-5, for the claims set forth in this civil action.[1]

18. Plaintiff allowed the statutorily mandated forty days to pass and having received no response from the City Council either admitting or denying the demand referred to in ¶ 17 and now brings suit against the Warwick City Treasurer and several other defendants.

19. Tatro, now thirty-six years old, was born on September 15, 1970 in the State of Rhode Island.

[1] Copy attached as exhibit A.

20. For the periods complained of in the foregoing action Plaintiff resided with his biological parents at 103 Love Lane, in the Town of North Kingstown, County of Washington, State of Rhode Island and at 8 Birchwood Lane, in the Town of West Warwick, County of Kent, State of Rhode Island.

21. Upon information and belief the Perpetrator Defendant Edward Conway, Jr. lived in a single family home located at 100 Love Lane in the Town of North Kingstown, County of Washington, State of Rhode Island sporadically between January of 1978 and July of 1985.

22. Upon information and belief the Perpetrator Defendant Edward Conway, Jr. resided at said 100 Love Lane, with his wife, Lois A Conway.

23. Upon information and belief Perpetrator Defendant Edward Conway, Jr. was a Warwick Police Officer at all times while he resided at said 100 Love Lane, in the Town of North Kingstown.[2]

24. During Perpetrator Defendant Edward Conway, Jr.'s occupation of or residency at, 100 Love Lane, North Kingstown, Rhode Island, Perpetrator Defendant Edward Conway, Jr., did keep and store pistols, rifles, shotguns and ammunition inside the dwelling house or the attached one car garage.

25. During Perpetrator Defendant Edward Conway, Jr.'s occupation of or residency at, 100 Love Lane, North Kingstown, Rhode Island, Perpetrator Defendant Edward Conway, Jr. did keep and store the uniform of the Warwick Police Department as it was issued to him by Defendant City of Warwick and Warwick Police Department.

26. During Perpetrator Defendant Edward Conway, Jr.'s occupation of or residency at, 100 Love Lane, North Kingstown, Rhode Island, Perpetrator Defendant Edward Conway, Jr. did wear the uniform of the Warwick Police Department as it was issued to him by Defendant City of Warwick and Warwick Police Department, including a department issued badge of identification.

---

[2] All references to "perpetrator", "perpetrator-defendant" or "Conway" refer to **Perpetrator Defendant Edward Conway.**

27. On a day and dates between January 1, 1978, and September 15, 1983, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, while at 100 Love Lane, North Kingstown, Rhode Island, did kidnap the Plaintiff and hold him against his will.

28. On a day and dates between January 1, 1978, and September 15, 1983, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, while at 100 Love Lane, North Kingstown, Rhode Island, did assault the Plaintiff with a dangerous weapon, to wit a billiard table, a firearm, a nightstick and handcuffs.

29. On a day and dates between January 1, 1978, and September 15, 1983, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, while at 100 Love Lane, North Kingstown, Rhode Island, did threaten and extort the Plaintiff with threats of arrest and physical harm to his biological father, Paul E. Tatro in order to force the Plaintiff to engage in sexual contact against his will.

30. On a day and dates between January 1, 1978, and September 15, 1983, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, while at 100 Love Lane, North Kingstown, Rhode Island, did threaten and extort the Plaintiff with threats of arrest and physical harm to his biological father, Paul E. Tatro in order to force the Plaintiff to engage in sexual penetration against his will.

31. On a day and dates between January 1, 1978, and September 15, 1983, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, while at 100 Love Lane, North Kingstown, Rhode Island, did force the Plaintiff to engage in sexual contact with Perpetrator Defendant Edward Conway, Jr. against his will.

32. On a day and dates between January 1, 1978, and September 15, 1983, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, while at 100 Love Lane, North Kingstown, Rhode Island, did force the Plaintiff to engage in sexual penetration with Perpetrator Defendant Edward Conway, Jr. against his will.

33. On a day and dates between January 1, 1978, and September 15, 1983, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, while at 100 Love

Lane, North Kingstown, Rhode Island, did fail to report the commission of a sexual assault to the local or State Police.

34. On a day and dates between January 1, 1978, and September 15, 1983, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, while at 100 Love Lane, North Kingstown, Rhode Island, did assault the and batter the Plaintiff with the intent to commit the crime of first degree sexual assault.

35. On a day and dates between January 1, 1978, and September 15, 1988, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, while at 100 Love Lane, North Kingstown, Rhode Island, did threaten or intimidate the Plaintiff in order to prevent him from reporting the sexual assaults and assault to the Police, his parents, teachers or any other person.

36. On a day and dates between September 16, 1983, and July 15, 1985, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, while at 100 Love Lane, North Kingstown, Rhode Island, did kidnap the Plaintiff and hold him against his will.

37. On a day and dates between September 16, 1983, and July 15, 1985, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, while at 100 Love Lane, North Kingstown, Rhode Island, did assault and batter the Plaintiff with a dangerous weapon, to wit a billiard table, a firearm, a nightstick and handcuffs.

38. On a day and dates between September 16, 1983, and July 15, 1985, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, while at 100 Love Lane, North Kingstown, Rhode Island, did threaten and extort the Plaintiff with threats of arrest and physical harm to his biological father, Paul E. Tatro in order to force the Plaintiff to engage in sexual contact against his will.

39. On a day and dates between September 16, 1983, and July 15, 1985, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, while at 100 Love Lane, North Kingstown, Rhode Island, did threaten and extort the Plaintiff with threats of arrest and physical harm to his biological father, Paul E. Tatro in order to force the Plaintiff to engage in sexual penetration against his will.

40. On a day and dates between September 16, 1983, and July 15, 1985, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, while at 100 Love Lane, North Kingstown, Rhode Island, did force the Plaintiff to engage in sexual contact with Perpetrator Defendant Edward Conway, Jr. against his will.

41. On a day and dates between September 16, 1983, and July 15, 1985, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, while at 100 Love Lane, North Kingstown, Rhode Island, did force the Plaintiff to engage in sexual penetration with Perpetrator Defendant Edward Conway, Jr. against his will.

43. On a day and dates between September 16, 1983, and July 15, 1985, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, while at 100 Love Lane, North Kingstown, Rhode Island, did assault and batter the Plaintiff with the intent to commit the crime of first-degree sexual assault.

44. On a day and dates between September 16, 1983, and July 15, 1985, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, while at 100 Love Lane, North Kingstown, Rhode Island, fail to report the commission of a sexual assault to the local or State Police.

45. On a day and dates between September 16, 1983, and July 15, 1985, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, while at 100 Love Lane, North Kingstown, Rhode Island, did threaten or intimidate the Plaintiff in order to prevent him from reporting the sexual assaults and assaults to the Police, his parents, teachers or any other person.

46. On a day and dates between July 31, 1985 and September 15, 1988, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, did kidnap the Plaintiff while Perpetrator Defendant Edward Conway, Jr. was on duty as a Warwick Police Officer and while Perpetrator Defendant Edward Conway, Jr. was wearing and or displaying the uniform of the Warwick Police Department and possessing a firearm, nightstick and handcuffs, and operating a Warwick Police vehicle and did hold Plaintiff against his will inside said Warwick Police Vehicle.

47. On a day and dates between July 31, 1985 and September 15, 1988, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, did wrongfully arrest the Plaintiff while, Perpetrator Defendant Edward Conway, Jr., was on duty as a Warwick Police Officer and while Perpetrator Defendant Edward Conway, Jr. was wearing and or displaying the uniform of the Warwick Police Department and possessing a firearm, nightstick and handcuffs, and operating a Warwick Police vehicle and did hold Plaintiff against his will inside said Warwick Police Vehicle in an effort to force the Plaintiff to engage in sexual contact with Perpetrator Defendant Edward Conway, Jr. , against his will.

48. On a day and dates between July 31, 1985 and September 15, 1988, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, did wrongfully arrest the Plaintiff while, Perpetrator Defendant Edward Conway, Jr., was on duty as a Warwick Police Officer and while, Perpetrator Defendant Edward Conway, Jr., was wearing and or displaying the uniform of the Warwick Police Department and possessing a firearm, nightstick and handcuffs, and operating a Warwick Police vehicle and did hold Plaintiff against his will inside said Warwick Police Vehicle in an effort to force the Plaintiff to engage in sexual penetration with ,Perpetrator Defendant Edward Conway, Jr. , against his will.

49. On a day and dates between July 31, 1985 and September 15, 1988, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, did kidnap, wrongfully imprison and wrongfully arrest the Plaintiff while, Perpetrator Defendant Edward Conway, Jr., was on duty as a Warwick Police Officer and while Perpetrator Defendant Edward Conway, Jr. was wearing and or displaying the uniform of the Warwick Police Department and possessing a firearm, nightstick and handcuffs, and operating a Warwick Police vehicle and did hold Plaintiff against his will inside said Warwick Police Vehicle and did transport him from a location on Warwick Avenue in the City of Warwick to a location behind the former ALMACS Supermarket, in the Buttonwoods section of the City of Warwick, in an effort to force the Plaintiff to engage in sexual contact with Perpetrator Defendant Edward Conway, Jr. , against his will.

50. On a day and dates between July 31, 1985 and September 15, 1988, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, did kidnap, wrongfully imprison and wrongfully arrest the Plaintiff while, Perpetrator Defendant Edward Conway, Jr., was on duty as a Warwick Police Officer and while Perpetrator Defendant Edward Conway, Jr. was wearing and or displaying the uniform of the Warwick Police Department and possessing a firearm, nightstick and handcuffs, and operating a Warwick Police vehicle and did hold Plaintiff against his will inside said Warwick Police Vehicle and did transport him from a location on Warwick Avenue in the City of Warwick to a location behind the former ALMACS Supermarket, in the Buttonwoods section of the City of Warwick, in an effort to force the Plaintiff to engage in sexual penetration with Perpetrator Defendant Edward Conway, Jr. , against his will.

51. On a day and dates between July 31, 1985 and September 15, 1988, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, did kidnap, wrongfully imprison and wrongfully arrest the Plaintiff while, Perpetrator Defendant Edward Conway, Jr., was on duty as a Warwick Police Detail Officer at the Former Rocky Point Amusement Park and while Perpetrator Defendant Edward Conway, Jr. was wearing and or displaying the uniform of the Warwick Police Department and possessing a firearm, nightstick and handcuffs, and operating a motor vehicle and did hold Plaintiff against his will inside said motor vehicle in an effort to force the Plaintiff to engage in sexual contact with Perpetrator Defendant Edward Conway, Jr. , against his will.

52. On a day and dates between July 31, 1985 and September 15, 1988, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, did kidnap, wrongfully imprison and wrongfully arrest the Plaintiff while, Perpetrator Defendant Edward Conway, Jr., was on duty as a Warwick Police Detail Officer at the Former Rocky Point Amusement Park and while Perpetrator Defendant Edward Conway, Jr. was wearing and or displaying the uniform of the Warwick Police Department and possessing a firearm, nightstick and handcuffs, and operating a motor vehicle and did hold Plaintiff against his will inside said motor vehicle in an effort to force the Plaintiff to engage in sexual Penetration with, Perpetrator Defendant Edward Conway, Jr. , against his will.

53. On a day and dates between July 31, 1985 and September 15, 1988, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, did assault and batter the Plaintiff while, Perpetrator Defendant Edward Conway, Jr., was on duty as a Warwick Police Detail Officer at the Former Rocky Point Amusement Park and while, Perpetrator Defendant Edward Conway, Jr., was wearing and or displaying the uniform of the Warwick Police Department and possessing a firearm, nightstick and handcuffs, and operating a motor vehicle.

54. On a day and dates between July 31, 1985 and September 15, 1988, the Perpetrator Defendant Edward Conway, Jr., then being a Warwick Police Officer, did threaten and extort the Plaintiff with threats of arrest and physical harm to his biological father, Paul E. Tatro while, Perpetrator Defendant Edward Conway, Jr., was on duty as a Warwick Police Detail Officer at the Former Rocky Point Amusement Park and while Perpetrator Defendant Edward Conway, Jr. was wearing and or displaying the uniform of the Warwick Police Department and possessing a firearm, nightstick and handcuffs, and operating a motor vehicle in order to force the Plaintiff to engage in sexual penetration against his will.

55. On a day and dates between January 1, 1978 and September 15, 1988, the City of Warwick, The Warwick Police Department and John Doe Defendants 1 thru 5 did fail to properly train, supervise and otherwise manage the conduct and behavior of the Perpetrator Defendant Edward Conway, Jr., with regard to the policies, procedures, rules and regulations governing the wrongful and unlawful use of the equipment issued by the Defendants to the Perpetrator Defendant Edward Conway, Jr., for the purpose of carrying out his duties as a sworn officer of the law in the employ of the City of Warwick Police Department.

56. On a day and dates between January 1, 1978 and September 15, 1988, the City of Warwick, The Warwick Police Department and John Doe Defendants 1 thru 5 did fail to properly train, supervise and otherwise manage the conduct and behavior of the Perpetrator Defendant Edward Conway, Jr., with regard to the policies, procedures, rules and regulations governing the wrongful and unlawful assaults, sexual assaults, kidnapping, intimidation of a witness, obstruction of Justice, failure to report the commission of a first degree sexual assault, extortion, kidnapping, false

arrest, false imprisonment, intentional infliction of emotional harm, negligence, premise liability, breach of contract, breach of fiduciary responsibility, and civil rights violations under 42 U.S.C. §1983, both while on duty and off duty and while in the possession of any items or equipment issued by the City of Warwick Police Department.

**COUNT I**
**(KIDNAPPING)**

57. The plaintiff alleges and realleges the facts as set-forth in ¶ 27 against Perpetrator Defendant Edward Conway, Jr..

58. The actions of the Perpetrator Defendant Edward Conway, Jr. constitute felonies in violation of R.I.G.L. § 11-26-1.

59. The actions of the Perpetrator Defendant Edward Conway, Jr. did cause injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

60. The actions of the, Perpetrator Defendant Edward Conway, Jr., have caused and will continue to cause Plaintiff great pain and suffering.

**COUNT II**
**(ASSAULT AND BATTERY)**

61. The plaintiff alleges and realleges the facts as set-forth in ¶ 28 against Perpetrator Defendant Edward Conway, Jr..

62. The actions of the Perpetrator Defendant Edward Conway, Jr. constitute felonies in violation of R.I.G.L. § 11-5-2.

53. The actions of the Perpetrator Defendant Edward Conway, Jr. did cause injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment,

loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

64. The actions of the, Perpetrator Defendant Edward Conway, Jr., have caused and will continue to cause Plaintiff great pain and suffering.

**COUNT III**
**EXTORTION**

65. The plaintiff alleges and realleges the facts as set-forth in ¶ 29-30 against Perpetrator Defendant Edward Conway, Jr..

66. The actions of the Perpetrator Defendant Edward Conway, Jr. constitute felonies in violation of R.I.G.L. § 11-42-1.1 and 11-42-2.

67. The actions of the Perpetrator Defendant Edward Conway, Jr. did cause injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

68. The actions of the, Perpetrator Defendant Edward Conway, Jr., have caused and will continue to cause Plaintiff great pain and suffering.

**COUNT IV**
**(SEXUAL CONTACT)**

69. The plaintiff alleges and realleges the facts as set-forth in ¶ 31 against Perpetrator Defendant Edward Conway, Jr..

70. The actions of the, Perpetrator Defendant Edward Conway, Jr., constitute felonies in violation of R.I.G.L. § 11-37-4.

71. The actions of the, Perpetrator Defendant Edward Conway, Jr., did cause injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

72. The actions of the, Perpetrator Defendant Edward Conway, Jr., have caused and will continue to cause Plaintiff great pain and suffering.

<u>COUNT V</u>
<u>(SEXUAL PENETRATION)</u>

73. The plaintiff alleges and realleges the facts as set-forth in ¶ 32 against Perpetrator Defendant Edward Conway, Jr..

74. The actions of the Perpetrator Defendant Edward Conway, Jr. constitute felonies in violation of R.I.G.L. § 11-37-2 and 11-37-8.1.

75. The actions of the, Perpetrator Defendant Edward Conway, Jr., did cause injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

76. The actions of the, Perpetrator Defendant Edward Conway, Jr., have caused and will continue to cause Plaintiff great pain and suffering.

## COUNT VI
## (FAILURE TO REPORT 1ST DEGREE SEXUAL ASSAULT)

77. The plaintiff alleges and realleges the facts as set-forth in ¶ 33 against Perpetrator Defendant Edward Conway, Jr..

78. The actions of the Perpetrator Defendant Edward Conway, Jr. constitute felonies in violation of R.I.G.L. § 11-37-3.1.

79. The actions of the, Perpetrator Defendant Edward Conway, Jr., did cause injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation. embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

80. The actions of the, Perpetrator Defendant Edward Conway, Jr., have caused and will continue to cause Plaintiff great pain and suffering.

## COUNT VII
## (ASSAULT WITH INTENT TO COMMIT SPECIFIC FELONY)

81. The plaintiff alleges and realleges the facts as set-forth in ¶ 34 against Perpetrator Defendant Edward Conway, Jr..

82. The actions of the Perpetrator Defendant Edward Conway, Jr. constitute felonies in violation of R.I.G.L. § 11-5-1.

83. The actions of the, Perpetrator Defendant Edward Conway, Jr., did cause injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of

society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

84. The actions of the, Perpetrator Defendant Edward Conway, Jr., have caused and will continue to cause Plaintiff great pain and suffering.

**COUNT VIII**
**(INTIMIDATION OF A WITNESS)**

85. The plaintiff alleges and realleges the facts as set-forth in ¶ 35 against Perpetrator Defendant Edward Conway, Jr..

86. The actions of the Perpetrator Defendant Edward Conway, Jr. constitute felonies in violation of R.I.G.L. § 11-32-5.

87. The actions of the, Perpetrator Defendant Edward Conway, Jr., did cause injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

88. The actions of the, Perpetrator Defendant Edward Conway, Jr., have caused and will continue to cause Plaintiff great pain and suffering.

**COUNT VIIII**
**(KIDNAPPING)**

89. The plaintiff alleges and realleges the facts as set-forth in ¶ 36 against Perpetrator Defendant Edward Conway, Jr..

90. The actions of the Perpetrator Defendant Edward Conway, Jr. constitute felonies in violation of R.I.G.L. § 11-26-1.

91. The actions of the, Perpetrator Defendant Edward Conway, Jr., did cause injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

92. The actions of the, Perpetrator Defendant Edward Conway, Jr., have caused and will continue to cause Plaintiff great pain and suffering.

**COUNT X-PERSONAL INJURY**
**(ASSAULT AND BATTERY)**

93. The plaintiff alleges and realleges the facts as set-forth in ¶ 37 against Perpetrator Defendant Edward Conway, Jr..

94. The actions of the Perpetrator Defendant Edward Conway, Jr. constitute felonies in violation of R.I.G.L. § 11-5-2.

95. The actions of the, Perpetrator Defendant Edward Conway, Jr., did cause injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

96. The actions of the, Perpetrator Defendant Edward Conway, Jr., have caused and will continue to cause Plaintiff great pain and suffering.

**COUNT XI-PERSONAL INJURY**
**(EXTORTION)**

97. The plaintiff alleges and realleges the facts as set-forth in ¶ 38-39 against Perpetrator Defendant Edward Conway, Jr..

98. The actions of the Perpetrator Defendant Edward Conway, Jr. constitute felonies in violation of R.I.G.L. § 11-42-1.1 and 11-42-2.

99. The actions of the, Perpetrator Defendant Edward Conway, Jr., did cause injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

100. The actions of the, Perpetrator Defendant Edward Conway, Jr., have caused and will continue to cause Plaintiff great pain and suffering.

**COUNT XII-PERSONAL INJURY**
**(SEXUAL CONTACT)**

101. The plaintiff alleges and realleges the facts as set-forth in ¶ 40 against Perpetrator Defendant Edward Conway, Jr..

102. The actions of the Perpetrator Defendant Edward Conway, Jr. constitute felonies in violation of R.I.G.L. § 11-37-4.

103. The actions of the, Perpetrator Defendant Edward Conway, Jr., did cause injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of

society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

104. The actions of the, Perpetrator Defendant Edward Conway, Jr., have caused and will continue to cause Plaintiff great pain and suffering.

**COUNT XIII**
**(SEXUAL PENETRATION)**

105. The plaintiff alleges and realleges the facts as set-forth in ¶ 41 against Perpetrator Defendant Edward Conway, Jr..

106. The actions of the Perpetrator Defendant Edward Conway, Jr. constitute felonies in violation of R.I.G.L. § 11-37-2.

107. The actions of the, Perpetrator Defendant Edward Conway, Jr., did cause injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

108. The actions of the, Perpetrator Defendant Edward Conway, Jr., have caused and will continue to cause Plaintiff great pain and suffering.

**COUNT XIV**
**ASSAULT AND BATTERY WITH INTENT**
**TO COMMIT SPECIFIC FELONY**

109. The plaintiff alleges and realleges the facts as set-forth in ¶ 43 against Perpetrator Defendant Edward Conway, Jr..

110. The actions of the Perpetrator Defendant Edward Conway, Jr. constitute felonies in violation of R.I.G.L. § 11-5-1.

111. The actions of the, Perpetrator Defendant Edward Conway, Jr., did cause injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

112. The actions of the, Perpetrator Defendant Edward Conway, Jr., have caused and will continue to cause Plaintiff great pain and suffering.

**COUNT XV-PERSONAL INJURY**
**(FAILURE TO REPORT FIRST DEGREE SEXUAL ASSAULT)**

113. The plaintiff alleges and realleges the facts as set-forth in ¶ 44 against Perpetrator Defendant Edward Conway, Jr..

114. The actions of the Perpetrator Defendant Edward Conway, Jr. constitute felonies in violation of R.I.G.L. § 11-37-3.1.

115. The actions of the, Perpetrator Defendant Edward Conway, Jr., did cause injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

116. The actions of the, Perpetrator Defendant Edward Conway, Jr., have caused and will continue to cause Plaintiff great pain and suffering.

**COUNT XVI**
**(INTIMIDATION OF A WITNESS)**

117. The plaintiff alleges and realleges the facts as set-forth in ¶ 45 against Perpetrator Defendant Edward Conway, Jr..

118. The actions of the Perpetrator Defendant Edward Conway, Jr. constitute felonies in violation of R.I.G.L. § 11-32-5.

119. The actions of the, Perpetrator Defendant Edward Conway, Jr., did cause injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

120. The actions of the, Perpetrator Defendant Edward Conway, Jr., have caused and will continue to cause Plaintiff great pain and suffering.

**COUNT XVII**
**(KIDNAPPING, WRONGFUL ARREST, FALSE IMPRISONMENT FOR THE PURPOSE OF SEXUAL CONTACT)**

121. The plaintiff alleges and realleges the facts as set-forth in ¶46-49 against Perpetrator Defendant Edward Conway, Jr..

122. The actions of the Perpetrator Defendant Edward Conway, Jr. constitute felonies in violation of R.I.G.L. § 11-26-1.

123. The actions of the, Perpetrator Defendant Edward Conway, Jr., did cause injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of

society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

124. The actions of the, Perpetrator Defendant Edward Conway, Jr., have caused and will continue to cause Plaintiff great pain and suffering.

**COUNT XVIII**
**(KIDNAPPING, WRONGFUL ARREST, FALSE IMPRISONMENT FOR THE PURPOSE OF SEXUAL PENETRATION)**

125. The plaintiff alleges and realleges the facts as set-forth in ¶ 50-52 against Perpetrator Defendant Edward Conway, Jr..

126. The actions of the Perpetrator Defendant Edward Conway, Jr. constitute felonies in violation of R.I.G.L. § 11-26-1.

127. The actions of the, Perpetrator Defendant Edward Conway, Jr., did cause injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

128. The actions of the, Perpetrator Defendant Edward Conway, Jr., have caused and will continue to cause Plaintiff great pain and suffering.

**COUNT XVIIII**
**(ASSAULT AND BATTERY)**

129. The plaintiff alleges and realleges the facts as set-forth in ¶ 54 against Perpetrator Defendant Edward Conway, Jr..

130. The actions of the Perpetrator Defendant Edward Conway, Jr. constitute felonies in violation of R.I.G.L. § 11-5-2.

131. The actions of the, Perpetrator Defendant Edward Conway, Jr., did cause injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation,

embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

132. The actions of the, Perpetrator Defendant Edward Conway, Jr., have caused and will continue to cause Plaintiff great pain and suffering.

**COUNT XX**
**(EXTORTION)**

133. The plaintiff alleges and realleges the facts as set-forth in ¶ 54 against Perpetrator Defendant Edward Conway, Jr..

134. The actions of the Perpetrator Defendant Edward Conway, Jr. constitute felonies in violation of R.I.G.L. § 11-42-1.1 and 11-42-2.

135. The actions of the, Perpetrator Defendant Edward Conway, Jr., did cause injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

136. The actions of the, Perpetrator Defendant Edward Conway, Jr., have caused and will continue to cause Plaintiff great pain and suffering.

**COUNT XXI**
**(NEGLIGENCE)**

137. The plaintiff alleges and realleges the facts as set-forth in ¶16-56 against Perpetrator Defendant Edward Conway, Jr..

138. The actions of the Perpetrator Defendant Edward Conway, Jr. as set-forth in ¶17-45, constitute a negligent breach of the Perpetrator Defendant Edward Conway, Jr.'s duty to reasonably maintain a safe environment for the benefit of those persons, specifically the Plaintiff, who are lawfully or otherwise invited on to the property located at 100 Love Lane, North Kingstown, Rhode Island.

139. The actions of the, Perpetrator Defendant Edward Conway, Jr., were the proximate cause of injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

140. The actions of the, Perpetrator Defendant Edward Conway, Jr., have caused and will continue to cause Plaintiff great pain and suffering.

**COUNTY XXII**
**(PREMISE LIABILITY)**

141. The plaintiff alleges and realleges the facts as set-forth in ¶16-56 against Perpetrator Defendant Edward Conway, Jr..

142. The actions of the Perpetrator Defendant Edward Conway, Jr. as set-forth in ¶17-45 constitute a negligent breach of the Perpetrator Defendant Edward Conway, Jr.'s duty to reasonably protect the plaintiff against risk of dangerous conditions existing on the property located at 100 Love Lane, North Kingstown, Rhode Island.

143. The actions of the, Perpetrator Defendant Edward Conway, Jr., were the proximate cause of injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the

inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

144. The actions of the, Perpetrator Defendant Edward Conway, Jr., have caused and will continue to cause Plaintiff great pain and suffering.

**COUNT XXIII**
**(VIOLATION OF 42 U.S.C. §1983)**

145. The plaintiff alleges and realleges the facts as set-forth in ¶16-56 against Perpetrator Defendant Edward Conway, Jr.,

146. The actions of the Perpetrator Defendant Edward Conway, Jr. set-forth in ¶ 16-56 constitute a violation of the Plaintiff's civil rights to be free from assaults, sexual assaults, kidnapping, intimidation of a witness, obstruction of Justice, failure to report the commission of a first degree sexual assault, extortion, kidnapping, false arrest, false imprisonment, intentional infliction of emotional harm, negligence, premise liability, breach of contract, breach of fiduciary responsibility by an Officer sworn to up hold the laws and constitution of the State of Rhode Island and the United States of America.

147. The actions of the, Perpetrator Defendant Edward Conway, Jr., were the proximate cause of injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

148. The actions of the, Perpetrator Defendant Edward Conway, Jr., have caused and will continue to cause Plaintiff great pain and suffering.

**COUNT XXIV**
**(VIOLATION OF 42 U.S.C. §1983**
**FAILURE TO ADEQUATELY TRAIN**
**PERPETRATOR DEFENDANT EDWARD CONWAY, JR.)**

149. The plaintiff alleges and realleges the facts as set-forth in ¶16-56 against The City of Warwick Treasurer, The Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants 1 thru 5,individually and jointly,

150. The City of Warwick Treasurer, The Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants 1 thru 5 actions in failing to train Perpetrator Defendant Edward Conway, Jr. so as to prevent the assaults, sexual assaults, kidnapping, intimidation of a witness, obstruction of Justice, failure to report the commission of a first degree sexual assault, extortion, kidnapping, false arrest, false imprisonment, intentional infliction of emotional harm, negligence, premise liability, breach of contract, breach of fiduciary responsibility by an Officer sworn to up hold the laws and constitution of the State of Rhode Island and the United States of America constitute a negligent violation of the Plaintiff's Civil Right to be free from assaults, sexual assaults, kidnapping, intimidation of a witness, obstruction of Justice, failure to report the commission of a first degree sexual assault, extortion, kidnapping, false arrest, false imprisonment, intentional infliction of emotional harm, negligence, premise liability, breach of contract, breach of fiduciary responsibility by an Officer sworn to up hold the laws and constitution of the State of Rhode Island and the United States of America.

151. The City of Warwick Treasurer, The Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants 1 thru 5 knew or should have know that the failure to train Perpetrator Defendant Edward Conway, Jr. so as to prevent the assaults, sexual assaults, kidnapping, intimidation of a witness, obstruction of Justice, failure to report the commission of a first degree sexual assault, extortion, kidnapping, false arrest, false imprisonment, intentional infliction of emotional distress, would result in injury to the plaintiff.

152. The actions of the, Perpetrator Defendant Edward Conway, Jr., The City of Warwick Treasurer, The Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants 1

thru 5 were the proximate cause of injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

153. The actions of The City of Warwick Treasurer, The Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants 1 thru 5 have caused and will continue to cause Plaintiff great pain and suffering.

## COUNT XXV
## (VIOLATION OF 42 U.S.C. § 1983
## FAILURE TO MAINTAIN SUPERVISION AND CONTROL OVER POLICE DEPARTMENT EQUIPMENT AND WEAPONS)

154. The plaintiff alleges and realleges the facts as set-forth in ¶ 16-56 against, The City of Warwick Treasurer, The Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants 1 thru 5, individually and jointly.

155. The actions of The City of Warwick Treasurer, The Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants 1 thru 5 set-forth in ¶ 16-56 in failing to properly train and supervise the Perpetrator Defendant Edward Conway, Jr. with regard to the wrongful and unlawful use of the property of the City of Warwick Police Department issued to the Perpetrator Defendant Edward Conway, Jr. for the execution of and performance of his duties as a sworn Officer of the Law constitute a negligent breach of the Plaintiff's right to be free from assaults, sexual assaults, kidnapping, intimidation of a witness, obstruction of Justice, failure to report the commission of a first degree sexual assault, extortion, kidnapping, false arrest, false imprisonment, intentional infliction of emotional harm, negligence, premise liability,, breach of contract, breach of fiduciary responsibility by an Officer sworn to up hold the laws and constitution of the State of Rhode Island and the United States of America.

156. The City of Warwick Treasurer, The Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants 1 thru 5 knew or should have know that the failure to train and supervise the Perpetrator Defendant Edward Conway, Jr. with regard to the wrongful and unlawful use of the property of the City of Warwick Police Department issued to the Perpetrator Defendant Edward Conway, Jr. for the execution of and performance of his duties as a sworn officer would cause injury to the plaintiff.

157. The actions of the City of Warwick Treasurer, The Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants 1 thru 5 were the proximate cause of injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

158. The actions of The City of Warwick Treasurer, The Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants 1 thru 5 have caused and will continue to cause Plaintiff great pain and suffering.

**COUNT XXVI**
**(BREACH OF FIDUCIARY DUTY)**
**(NON-PERPETRATOR DEFENDANTS)**

159. The plaintiff alleges and realleges the facts as set-forth in ¶16-56 against The City of Warwick Treasurer, The Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants 1 thru 5, individually and jointly.

160. The actions of The City of Warwick Treasurer, The Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants 1 thru 5. Set-forth in ¶ 16-56 in failing to properly train and supervise the Perpetrator Defendant Edward Conway, Jr. with regard to the wrongful and unlawful use of the property of the City of Warwick Police Department issued to the

Perpetrator Defendant Edward Conway, Jr. for the execution of and performance of his duties as a sworn Officer of the Law constitutes a breach of the fiduciary duty owed to the Plaintiff by the Defendants.

161. The City of Warwick Treasurer, The Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants 1 thru 5 knew or should have know that the failure to train and supervise the Perpetrator Defendant Edward Conway, Jr. with regard to the wrongful and unlawful use of the property of the City of Warwick Police Department issued to the Perpetrator Defendant Edward Conway, Jr. for the execution of and performance of his duties as a sworn officer would cause injury to the plaintiff.

162. The actions of The City of Warwick Treasurer, The Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants 1 thru 5 were the proximate cause of injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

163. The actions of The Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants 1 thru 5 have caused and will continue to cause Plaintiff great pain and suffering.

**COUNT XXVII**
**(BREACH OF FIDUCIARY DUTY)**
**(SERGEANT EDWARD CONWAY)**

164. The plaintiff alleges and realleges the facts as set-forth in ¶16-56 against Perpetrator Defendant Edward Conway, Jr..

165. The actions of, Perpetrator Defendant Edward Conway, Jr., set-forth in ¶ 16-56 constitutes a breach of the fiduciary duty owed to the Plaintiff by the Perpetrator Defendant Edward Conway, Jr..

166. The Perpetrator Defendant Edward Conway, Jr., knew or should have know that the actions set-forth in ¶ 16-56 and the resulting breach of fiduciary duty would cause injury to the plaintiff.

167. The actions of Perpetrator Defendant Edward Conway, Jr., were the proximate cause of injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation. embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

168. The actions of Perpetrator Defendant Edward Conway, Jr. have caused and will continue to cause Plaintiff great pain and suffering.

**COUNT XXVIII**
**(BREACH OF CONTRACT)**
**(CITY AND DEPARTMENT DEFENDANTS)**

169. The plaintiff alleges and realleges the facts as set-forth in ¶ 16-56 against the Perpetrator Defendant Edward Conway, Jr., The Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants 1 thru 5, individually and jointly.

170. The actions of The City of Warwick Treasurer, The Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants 1 thru 5. Set-forth in ¶ 16-56 in failing to properly train and supervise the Perpetrator Defendant Edward Conway, Jr. with regard to the wrongful and unlawful use of the property of the City of Warwick Police Department issued to the Perpetrator Defendant Edward Conway, Jr. for the execution of and performance of his duties as a sworn Officer of the Law constitutes a breach of oath of office and the contract entered into for the

purpose of enforcing the laws of the Unites States, The state of Rhode Island and the duty to protect the plaintiff form foreseeable injury.

171. The City of Warwick Treasurer, The Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants 1 thru 5 knew or should have know that the failure to train and supervise the Perpetrator Defendant Edward Conway, Jr. with regard to the wrongful and unlawful use of the property of the City of Warwick Police Department issued to the Perpetrator Defendant Edward Conway, Jr. for the execution of and performance of his duties as a sworn officer and to properly train Perpetrator Defendant Edward Conway, Jr. so as to prevent the assaults, sexual assaults, kidnapping, intimidation of a witness, obstruction of Justice, failure to report the commission of a first degree sexual assault, extortion, kidnapping, false arrest, false imprisonment, intentional infliction of emotional distress, would result in injury to the plaintiff.

172. The actions of The City of Warwick Treasurer, The Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants 1 thru 5, were the proximate cause of injury to the plaintiff in the form of severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

173. The actions of the City of Warwick Treasurer, The Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants 1 thru 5 have caused and will continue to cause Plaintiff great pain and suffering.

**COUNT XXVIIII**
**(INTENTIONAL INFLICTION OF EMOTIONAL HARM)**
**(CITY AND DEPARTMENT DEFENDANTS)**

174. The plaintiff alleges and realleges the facts as set-forth in ¶ 16-56 against, The Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants 1 thru 5, individually and jointly.

175. The actions of The City of Warwick Treasurer, The Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants 1 thru 5 were the proximate cause of injury to the plaintiff in the form of the infliction of Multiple Personality Disorder, Posttraumatic Stress Syndrome, and Severe Depression.

176. The City of Warwick Treasurer, The Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants 1 thru 5 knew or should have know that the failure to train and supervise the Perpetrator Defendant Edward Conway, Jr. with regard to the wrongful and unlawful use of the property of the City of Warwick Police Department issued to the Perpetrator Defendant Edward Conway, Jr. for the execution of and performance of his duties as a sworn officer and to properly train Perpetrator Defendant Edward Conway, Jr. so as to prevent the assaults, sexual assaults, kidnapping, intimidation of a witness, obstruction of Justice, failure to report the commission of a first degree sexual assault, extortion kidnapping, false arrest, false imprisonment, intentional infliction of emotional distress, would result in the intentional infliction of emotional distress upon the plaintiff.

177. The actions of the City of Warwick Treasurer, The Warwick Police Department, Chief Stephen McCartney, and John Doe Defendants 1 thru 5, have caused and will continue to cause Plaintiff great pain and suffering.

**COUNT XXX**
**(INTENTIONAL INFLICTION OF EMOTIONAL HARM)**
**SERGEANT EDWARD CONWAY**

174. The plaintiff alleges and realleges the facts as set-forth in ¶16-56 against, Perpetrator Defendant Edward Conway, Jr..

175. The actions of Perpetrator Defendant Edward Conway, Jr. were the proximate cause of injury to the plaintiff in the form of the infliction of Multiple Personality Disorder, Posttraumatic Stress Syndrome, and Severe Depression.

176. The Perpetrator Defendant Edward Conway, Jr. knew or should have known that his actions would result in injury to the Plaintiff.

177. The actions of the, Perpetrator Defendant Edward Conway, Jr., have caused and will continue to cause Plaintiff great pain and suffering.

## COUNT XXXI- PERSONAL INJURY CONTINUING TORT THEORY

178. The plaintiff alleges and realleges the facts as set-forth in ¶ 16-56 against, Perpetrator Defendant Edward Conway, Jr., Jr. and each and every defendant individually and jointly.

179. The actions of Perpetrator Defendant Edward Conway, Jr. and each individual defendant constitute continuing Torts in that the injury to the Plaintiff continued on a day to day basis until the first time the it was revealed during therapy that the actions of the Defendants were the proximate cause of injury to the plaintiff in the form of the infliction of Multiple Personality Disorder, Posttraumatic Stress Syndrome, and Severe Depression, severe emotional distress, anxiety, depression, humiliation, embarrassment, loss of self esteem, poor performance in school, inability to hold a job, loss of wages, loss of society and companionship with his wife, child, step child and family, the inability to maintain meaningful relationships, the inability to conform his behavior to the rules and laws of society resulting in extended periods of incarceration and the inability to manage his day to day affairs.

180. That the Actions of the Perpetrator Defendant Edward Conway, Jr. in threatening and or intimidating the Plaintiff in order to prevent him from revealing the conduct of the Perpetrator Defendant Edward Conway, Jr. to any person of authority constitutes a continuous criminal act in that the Plaintiff reasonably believed the Perpetrator Defendant Edward Conway, Jr. to be capable of

inflicting the Physical harm upon himself or his Father, Paul E. Tatro, as threatened and to wrongfully arrest the Plaintiff's father.

181. The actions of the Perpetrator Defendant Edward Conway, Jr. in failing to report the crime of First Degree Sexual Assault as required by the General Laws of the State of Rhode Island constitutes a continuing criminal offense.

182. The actions of the Perpetrator Defendant Edward Conway, Jr. and each defendant individually in failing to protect the Plaintiff from the unlawful acts of the Perpetrator Defendant Edward Conway, Jr. while he was on duty as a Warwick Police Officer and the failure to properly train the Perpetrator Defendant Edward Conway, Jr. Constitute continuing breaches of the Contract and fiduciary duty owed to the Plaintiff by the Defendant's.

**Wherefore**, the plaintiff demands judgment against the Defendants, individually and jointly, in their personal and official capacities, for injuries sustained as a result of a prolonged series of assaults, sexual assaults, kidnapping, intimidation of a witness, obstruction of Justice, failure to report the commission of a first degree sexual assault, extortion, kidnapping, false arrest, false imprisonment, intentional infliction of emotional harm, negligence, premise liability, breach of contract, breach of fiduciary responsibility, and civil rights violations under 42 U.S.C. §1983 at the hands of the Perpetrator Defendant Edward Conway, Jr. And the Breach of Fiduciary Duty, The Breach of Contract to enforce the law and to Protect the Plaintiff and the failure of the City of Warwick, The Warwick Police Department, Chief Stephen McCartney and John Defendants # 1-5 to properly train and supervise the Perpetrator Defendant Edward Conway, Jr.

Plaintiff further demands punitive damages against each defendant individually and jointly, in their official and personal capacity, together with costs, law may permit interest and relevant fees as.

Respectfully Submitted:

**Michael P. Tatro, Pro-Se.**
P.O. Box 8249
Cranston, RI 02920