EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MICHAEL P. TATRO, *Plaintiff (PRO SE)*, | |
| vs. | C.A. No: 06 333 ML |
| EDWARD CONWAY, et al *Defendants* | *(Former C.A. No. KC06-0527)* |

**MEMORANDUM OF DEFENDANTS, CITY OF WARWICK TREASURER, WARWICK POLICE DEPARTMENT AND CHIEF STEPHEN MCCARTNEY, IN SUPPORT OF THEIR MOTION TO DISMISS IN LIEU OF ANSWER IN ACCORDANCE WITH RULE 12(B)(6)**

## I. INTRODUCTION AND TRAVEL

Defendants—City of Warwick Treasurer, Warwick Police Department and Chief Stephen McCartney ("Defendants")—hereby move to dismiss, in lieu of answer, the above captioned case and submit that the instant Amended Complaint is time-barred. On June 7, 2006, pro se plaintiff, Michael P. Tatro, (hereinafter "plaintiff"), filed a Complaint[1] in Kent County Superior Court against Edward Conway[2]; City of Warwick's Treasurer; Warwick Police Department; and Chief Stephen McCartney, seeking to recover under 42 U.S.C. § 1983[3] for alleged constitutional violations and state law for alleged tortious conduct by defendants. Plaintiff's Complaint stems from plaintiff's alleged series of contacts with retired Warwick Police Officer Edward Conway from 1978 to 1988. Plaintiff alleges in his Amended Complaint that he was sexually assaulted

[1] This Complaint was subsequently amended on June 22, 2006. See *Exhibit A, "Plaintiff's Amended Complain"*.
[2] To the best knowledge of the instant defendants, to date, Edward Conway has not been served with a copy of the instant complaint.
[3] Although plaintiff does not cite the specific constitutional provision allegedly violated, Plaintiff maintains that his civil rights were violated when he was unlawfully arrested, imprisoned and sexually assaulted by defendant Conley. Plaintiff further alleges state law claims of battery, failure to report commission of a crime, intentional infliction of emotional harm, personal injury, premises liability and "Breach of contract." See *Exhibit A*.

by defendant Conway at various times during this time frame. *See Exhibit A, "Plaintiff's Amended Complaint"*. In light of the federal civil rights claims, the instant defendants, City of Warwick Treasurer, Warwick Police Department and Chief Stephen McCartney, (hereinafter "defendants") removed this matter to this Court. Defendants now move, in lieu of answer, to dismiss the instant complaint.

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of actions which fail to state a claim upon which relief can be granted. *Fed. R. Civ. P. 12(b)(6).* "When considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court 'should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts.'" *Theta Prods. v. Zippo Mfg. Co.*, 81 F.Supp.2d 346, 348 (D.R.I. 1999), citing *Roma Const. Co., v. a Russo*, 96 F.3d 566, 569 (1st Cir. 1996). The Court will accept plaintiff's well-pleaded facts in the complaint as true and construe those facts in a light most favorable to the plaintiff. *Id.*, referencing *Chongris v. Board of Appeals*, 811 F.2d 36, 37 (1st Cir. 1987).

Employing this standard, plaintiff alleges that he was subject to repeated molestation at the home of retired Officer Conway in North Kingstown, R.I., between the following dates: 1) January 1, 1978 and September 15, 1983; 2) January 1, 1978 and July 31, 1985; and 3) September 16, 1983 and July 31, 1985. Plaintiff further alleges that between July 31, 1985 and September 15, 1988, he was falsely arrested, imprisoned, and sexually assaulted by Officer Conway while Office Conley was on duty in the City of Warwick. Defendants respectfully submit that even accepting these allegations as true (which defendants expressly deny), the statute of limitations has run on all of plaintiff's claims, and thus the instant Motion to Dismiss in

Lieu of Answer should be granted as to all claims against the instant defendants.

## III. ARGUMENT

### A. The Statute of Limitations on Plaintiff's § 1983 and State Tort Claims is Three (3) Years.

In addition to the §1983 claims, plaintiff brings a series of state tort claims against the defendants for events that allegedly took place between January 1, 1978 and September 15, 1988. Defendants submit that the statute of limitations on the civil rights and state tort claims ran as of September 15, 1991. Accordingly, all of the plaintiff's claims are time barred, and the Motion to Dismiss in Lieu of Answer should be granted.

In determining whether or not an action is time-barred, "one must consider both the period of limitations and the circumstances under which it is tolled." Smith v. Rev. William C. O'Connell, et al., 997 F.Supp. 226, 232 (D.R.I. 1998), aff'd by sub nomine at Kelly v. Marcantonio, 187 F.3d 192, (1st Cir. 1999). "Because 42 U.S.C. §1983 does not contain its own statute of limitations, courts have uniformly 'borrowed' the state of limitations that would apply to the most analogous state cause of action." Pearman v. Walker, 512 F.Supp. 228, 230 (D.R.I. 1981) citing Bd. of Regents of the Univ. of the State of New York v. Tomanio, 446 U.S. 478, 483-84 (1980) (citations omitted).

In the instant case, the state action version of false arrest and assault and battery are most analogous to plaintiff's civil rights claims. Wilson v. Garcia, 471 U.S. 261, 273 (1985)*(§ 1983 claims for false arrest and assault and battery are subject to the State statute of limitations for false arrest and assault and battery personal injury actions). See also* Adams v. Town of Burrillville, 249 F.Supp.2d 151, 154 (D.R.I., 2003) *(Personal injury claims brought under 28 U.S.C. §1983 are "subject to the state statute of limitations for personal injury actions...").*

In Rhode Island, the statute of limitations for personal injury actions such as false arrest and assault is three (3) years in accordance with Rhode Island General Laws §9-1-14(b). Adams, 249 F.Supp2d at 154 (citations omitted). Therefore, in the instant case, plaintiff's *§1983* and state law tort claims are subject to the same three (3) year statute of limitations in accordance with *R.I. Gen. Laws §9-1-14(b).*[4]

For personal injuries in Rhode Island, the cause of action accrues, and the statute of limitations begins to run, at the time of injury. *Arnold v. R.J. Reynolds Tobacco Co.*, 956 F.Supp. 110, 113, (D.R.I. 1997). In the instant case, plaintiff alleges that he was injured by the events which took place over the following periods of time: 1) January 1, 1978 and September 15, 1983; 2) January 1, 1978 and July 31, 1985; 3) September 16, 1983 and July 31, 1985; and 4) July 31, 1985 and September 15, 1988. Defendants thus contend that plaintiff's cause of action accrued between January 1, 1978 (the date of the first alleged incident) and September 15, 1998 (the date of the last alleged incident). As such, unless it has been tolled, the statute of limitations on plaintiff's *§ 1983* and tort claims expired—at the latest—on September 15, 1991. Since the instant Complaint wasn't filed until June 7, 2006, the plaintiff is almost fifteen (15) years too late.

As noted, in determining whether or not an action is time-barred, the Court must also consider whether an action has been tolled. Smith, 997 F.Supp at 232. In the instant case, plaintiff does not specifically allege in his Amended Complaint that the statute of limitations has

[4] Since the plaintiff includes the City of Warwick as a defendant, R.I. Gen. Laws §9-1-25, could also be used to argue that the plaintiff's claims are time-barred. R.I. Gen. Laws §9-1-25, Time for bringing suit against state, political subdivision, city, or town, states, "When a claimant is given the right to sue the state of Rhode Island, any political subdivision of the state, *or any city or town* by a special act of the general assembly, or in cases involving actions or *claims in tort* against the state or any political subdivision thereof or any city of town, the action shall be instituted within three (3) years from the effective date of the special act, or *within three (3) years of the accrual of any claim of tort*. Failure to institute the suit within the three (3) year period shall constitute a bar to the bringing of the legal action." *R.I. Gen. Laws §9-1-25 (2006)( emphasis added)*. Therefore, under R.I. Gen. Laws §9-1-25, the limitations period for the plaintiff to have brought suit, within three years of September 15, 1988, has expired.

been tolled. In fact, a fair reading of the Amended Complaint, assuming the accuracy of the factual allegations and construing them in the light most favorable to plaintiff, identifies only one (1) possible tolling event – minority. As noted, plaintiff alleged in his Complaint that the events giving rise to his complaint occurred over a ten (10) year period from 1978 – 1988. Plaintiff also alleged in his complaint that he was born on September 15, 1970. *See Exhibit A, Paragraph 17.* Accordingly, a fair reading of the complaint reveals that plaintiff was a minor at the time of the alleged injury. Rhode Island General Laws provides:

> If any person at the time any such cause of action shall accrue to him or her shall be under the age of eighteen (18) years, or of unsound mind, or beyond the limits of the United States, the person may bring the cause of action, within the time limited under this chapter, after the impediment is removed.

*R.I. Gen. Laws § 9-1-19 (2006).*

Therefore, the period of limitations is tolled, and does not begin to run against a minor until the minor reaches the age of majority. Smith, 997 F.Supp at 232. In the instant case, by his own admission, the plaintiff turned eighteen (18) years of age, the age of majority, on September 15, 1988, the same date that the alleged events giving rise to his complaint ended. *See Exhibit A, Paragraph 17.* Therefore, even under the minority tolling provision, plaintiff had until September 15, 1991 to file his alleged tort claims against the instant defendants. Again, that time has lapsed and the plaintiff's tort claims against the instant defendants are time-barred.

**B. Breach of Contract Claim is Barred by Statute.**

Within his complaint, plaintiff makes vague reference to a breach of contract claim against the instant defendants. *See Exhibit A, Count Ten, Paragraphs 79-81.* However, notwithstanding the fact that plaintiff fails to set forth any allegations whatsoever that could support a viable breach of contract claim, any contract claim that the plaintiff might have against

the defendants would likewise be time-barred in accordance with Rhode Island Law. Rhode Island requires that "[e]xcept as otherwise specifically provided, all civil actions shall be commenced within ten (10) years next after the cause of action shall accrue, and not after." *R.I. Gen. Laws § 9-1-13 (2006).*

Accordingly, since the last date of the events alleged within plaintiff's complaint is September 15, 1988, the same date that plaintiff reached the age of majority, even if the plaintiff properly alleged a viable breach of contract claim, any alleged contract claim would be subject to the ten year statute of limitations. Therefore, even assuming a viable contract claim, plaintiff had until September 15, 1998 to file a timely contract claim against the instant defendants. Since the instant complaint was not filed until June 7, 2006, any contract claims are also time-barred. As such, defendants' motion to dismiss in lieu of answer should be granted.

## III. CONCLUSION

For the reasons set forth herein, and those that may arise at hearing, these defendants respectfully request that this Court grant their Motion to Dismiss in Lieu of Answer.

Defendants,
By their attorneys,

Marc DeSisto, Esq. (#2757)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
*marc@desistolaw.com*

Karen K. Corcoran, Esq. (#6877
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
(401) 272-4442
(401) 272-9937 fax
*karen@desistolaw.com*

CERTIFICATION OF SERVICE

I hereby certify that a true and accurate copy of the within Memorandum of Law in Support of Motion to Dismiss in Lieu of Answer was mailed, postage prepaid, on this 19th day of July, 2006 to:

Michael P Tatro, Pro Se
P.O. Box 8249
Cranston, RI 02920