UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EXHIBIT B

MICHAEL P. TATRO,
*Plaintiff (PRO SE),*

vs.

EDWARD CONWAY, et al
*Defendants*

C.A. No: 06 333 ML

*( Former C.A. No. KC06-0527 )*

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS', CITY OF WARWICK TREASURER, WARWICK POLICE DEPARTMENT AND CHIEF STEPHEN MCCARTNEY, MOTION TO DISMISS IN LIEU OF ANSWER IN ACCORDANCE WITH RULE 12(B)(6)**

## I. INTRODUCTION AND TRAVEL

The instant defendants' [1] motion to dismiss in lieu of answer is based on the statute of limitations provided under *R.I. Gen. Laws §9-1-14.* [2] Plaintiff's objection is essentially based on three general grounds: 1) plaintiff is entitled to the tolling provisions of the pre-1988 version of R.I. Gen. Laws §9-1-19; 2) plaintiff is entitled to the protections of the discovery rule; and 3) plaintiff is alleging continuing torts.

## II. SUPPLEMENTAL ARGUMENT IN REPLY

### A. Pre-1988 Version of *R.I. Gen. Laws §9-1-19*

Plaintiff openly admits that the conduct upon he is basing all of his alleged claims against

[1] The instant defendants include the City of Warwick Treasurer, the Warwick Police Department and Chief Stephen McCartney. To the best knowledge of the instant defendants, Edward Conway, Jr. has not yet been served.

[2] Historically, "until 1992, *R.I. Gen. Laws §9-1-14(b)* applied to all claims of childhood sexual abuse, and a cause of action for childhood sexual abuse accrued on the date of injury." *Smith v. O'Connell et al.; Kelly v. Marcantonio et al.; Kelly v. Marcantonio, 997 F.Supp. 226, 232 ( D.R.I.1998) citing Kelly v. Marcantonio; Heroux v. Carpentier et al.*, 678 A.2d 873, 877 (R.I. 1996). In 1992 and 1993, under *R.I. Gen. Laws §9-1-51*, Rhode Island extended the statute of limitations for claims against perpetrators of childhood sexual abuse from three years to seven years. *Id.* (emphasis added). However, §9-1-51 "did not alter the 'three years from accrual' period of limitations prescribed by §9-1-14(b) which still governs claims against non-perpetrators". *Id.* Therefore, "as far as nonperpetrators are concerned, the statue of limitations for such actions begins to run at the time the injury occurs,"... "unless some disability tolls the statute as provided in 9-1-19." *Kelly*, 678 A.2d 873, 877 (R.I. 1996). It is worthwhile to note that the instant defendants are "non-perpetrators" of the alleged sexual abuse claims. As such, the instant defendants are entitled to provisions of §9-1-14(b) providing for the "three years from accrual" period of limitations.

the instant defendants is alleged to have occurred between 1978 and 1988. *See Plaintiff's Objection, Page 5.* Plaintiff argues he is entitled to the tolling provisions of the pre-1988 version of *R.I. Gen. Laws §9-1-19*, which allowed for: 1.) tolling of the statute of limitations until the person reached the age of twenty-one (21) years; 2.) tolling during imprisonment; and 3.) tolling while of "unsound mind".

Defendants respond that even assuming that the plaintiff's theory is correct, neither the pre-1988 version of *R.I. Gen. Laws §9-1-19*, nor any version of *R.I. Gen. Laws §9-1-19* to date, will toll the statute of limitations relative to plaintiffs claims under 42 U.S.C. § 1983 for alleged constitutional violations and state law for alleged tortious conduct by defendants, and the motion to dismiss should be granted.

Defendants further respond that plaintiff's vague allegations of "negligent breach" of contract are insufficient, and the plaintiff fails to state or allege the elements of a viable contract claim. Rather, all of the alleged claims clearly sound in tort, not contract. There is simply no contract established between the city, the police department and/or the chief of police, and every single individual alleging injury. If there were such a contract, every time an individual suffered or alleged any injury within the city, he or she would have a contract claim against the city. Plaintiff fails to state a contract claim upon which relief can be granted, and defendants' motion to dismiss should be granted.

**1. <u>Minority Provision under *R.I. Gen. Laws §9-1-19*</u>**

Plaintiff argues he is entitled to the pre-July 1, 1988 provision of *R.I. Gen. Laws §9-1-19*, under which the age of majority is twenty-one (21) years of age.

Defendants respond that even assuming, for the purpose of this argument only, the application of the pre-1988 version of *R.I. Gen. Laws §9-1-19*, plaintiff is still time-barred from

his claims under 42 U.S.C. § 1983 for alleged constitutional violations and state law for alleged tortious conduct by the instant defendants. Plaintiff turned twenty-one (21) years of age on September 15, 1991, thereby allowing him three years beyond that, or until September 15, 1994 to file his claims against the instant defendants. Plaintiff failed to file his initial complaint until June 7, 2006. Thus, even under the plaintiff's own theory, his claims are time-barred and futile, and defendants' motion to dismiss in lieu of answer should be granted.

**2. <u>Imprisonment Provision under *R.I. Gen. Laws §9-1-19*</u>**

Plaintiff argues that since he was already imprisoned on September 15, 1991, the date he turned twenty-one (21) years of age, and not released until June of 1997, he had three years from June of 1997, or until June of 2000, to file his claims against the instant defendants.

Defendants respond that even allowing, for the purpose of this argument only, that the plaintiff's theory, and the facts relating to the dates of his incarceration are correct, the plaintiff is still time-barred from his claims against the instant defendants since he did not file his complaint until June 7, 2006, six years after he claims the statute of limitations had run.

Therefore, even under the plaintiff's own theory, plaintiff's claims are time-barred and futile, and defendants' motion to dismiss should be granted.

**3. <u>"Unsound Mind" Provision under R.I. Gen. Laws §9-1-19</u>**

Plaintiff also attempts to argue that he is entitled to a third tolling exception under the pre-1988 provision of *R.I. Gen. Laws §9-1-19*, namely the "unsound mind" provision. He vaguely attempts to argue that his alleged diagnoses of depression, post traumatic stress disorder, and multiple personality disorder are conditions that entitle him to the "unsound mind" tolling provision. <u>*See*</u> *Plaintiff's Objection, Page 18.*

Defendants respond that the plaintiff, who fails to cite any case law whatsoever to

support his claim under the "unsound mind" tolling provision, falls far short of the requirements under Rhode Island law relative to application of the "unsound mind" tolling provision. As a result, defendants' motion to dismiss should be granted.

Rhode Island's "practical, operational definition of "unsound mind" is "the inability to manage one's day to day activities". Roe v. Gelineau, 794 A.2d 476, 486 (R.I. 2002). This definition requires "objective ascertainable actions or inaction". Id. at 486-487. This operational definition "is the proper barometer for measuring whether a plaintiff's mental state falls within the range of conditions that constitute an unsound mind." Id. at 479. There is also "support" for the "conclusion that the legislature intended the "unsound mind" tolling provision contained in *§9-1-19* to refer only to conditions that render a person legally incompetent or incapable of managing his day to day affairs". *Smith v O'Connell et al.; Kelly v. Marcantonio et al.; Kelly v. Marcantonio et al.,* 997 F.Supp 226, 235 (D.R.I. 1998). [3]

In Smith, the United States District Court of Rhode Island considered the "unsound mind" tolling provision as it applied to three alleged complaints of sexual abuse against Roman Catholic priests. Id. The Court considered some "objectively ascertainable factors" such as use of drugs, ability or inability to attend school, ability or inability to find steady employment or a steady place of residency, the existence of depression and stress, yet, the court emphasized that none of the plaintiffs had been "institutionalized for treatment of psychological or substance abuse problems, and [had] never been placed under guardianship or conservatorship." Id. at 237-238. While not "minimizing" the plaintiffs' problems, the Court held that those problems did not support a finding of "unsound mind" for the purpose of the tolling provision under *§9-1-*

[3] Aff'd by, sub nomine at, *Kelly v. Marcantonio*, 187 F.3d 192 (1st Cir. 1999). Also, in a related case, *Kelly et al. v. Marcantonio et. al; Herouz et al. v. Carpentier et al*., 678 A.2d 873 (R.I. 1996), the Supreme Court of Rhode Island considered, and answered, four certified questions, submitted by the U.S. District Court of Rhode Island and the Rhode Island Superior Court, relating to R.I. Gen. Laws §9-1-14(b) and R.I. Gen. Laws §9-1-51, and statute of limitation accruals, and repressed memory issues.

*19*. Id. at 238. The Court aptly quoted an Arizona Supreme Court case which said "'If these facts...were sufficient to support a legal finding of 'unsound mind,' then all of those who have less satisfactory lives would be of 'unsound mind''". Id. (internal citation omitted).

Rhode Island has stated that repressed recollection is "one particular context", that "may be included in the purview of the term 'unsound mind'". Roe, 794 A.2d at 482, citing Kelly v. Marcantonio; Heroux v. Carpentier et. al, 678 A.2d 873, 880. The Smith Court stated that "whether repressed memory 'qualifies as a tolling feature under §9-1-19' is a question of law". Id. at 234, citing Kelly 678 A.2d at 880.[4] However, in Rhode Island, only when the party "squarely alerts" the trial justice by making a "threshold showing by affidavit or offer of proof, that the evidence is derived from a valid scientific theory...." is a trial justice required to hold a hearing to establish whether or not repressed memory has been established for the purposes of tolling under the unsound mind provision Roe v. Gelineau, 794 A.2d 476, 483 (R.I. 2992), citing Kelly, 678 A.2d at 879, and citing DiPetrillo v. Dow Chemical, 729 A.2d 677, 684-84 (R.I. 1999).

In Roe, a recent Rhode Island case of alleged childhood sexual abuse, the Court held the "unsound mind" provision applies "not only to a general inability to manage one's affairs, but also should include the inability to bring a specific claim." Roe, 794 A.2d at 482. The Roe court agreed with the lower court's finding that that the "plaintiff failed to provide evidence that his 'alleged repressed recollection in a particular case [was] sufficiently relevant, reliable, and scientifically and/or medically established so as to constitute 'unsound mind', thereby tolling the action limitation period'". Id., citing Kelly, 678 A.2d at 879.

For the purpose of defendants' motion to dismiss in lieu of answer, the instant case can

[4] Related proceeding at *Smith v. O'Connell*, 986 F.Supp 73 (D.R.I. 1997); Summary Judgment granted by *Smith v. O'Connell*, 997 F.Supp 226 (D.R.I. 1998); Aff'd by, sub nomine at *Kelly v. Marcantonio,* 187 F.3d 192 (1st Cir. 1999).

be analogized to both Smith and Roe, since plaintiff's unsupported claim of "unsound mind" is simply not sufficient under Rhode Island law to toll the statute of limitations. The instant plaintiff simply presents no objectively ascertainable actions or inactions whatsoever, by way of affidavit or offer of proof, that indicate his inability to manage his day-to-day activities, thereby entitling him to toll the statute of limitations. He does not assert that he suffered from a repressed recollection.

Rather, plaintiff relies on his own conclusory assertions of being of "unsound mind" and under a doctor's care. As a result, plaintiff's claims are time-barred and futile, and defendants' motion to dismiss should be granted.

**B. Discovery Rule**

Plaintiff also argues that due to his 2004 depression diagnosis and his 2005 diagnoses of post traumatic stress syndrome and multiple personality disorder, he is entitled to toll his claims under the discovery rule whereby his cause of action would accrue on the date of his diagnoses, instead of on the date of injury.

Defendants respond that although Rhode Island provides for the use of the discovery rule in limited situations[5], Rhode Island clearly precludes the application of the discovery rule to nonperpetrator defendants in sexual abuse allegation cases. Kelly, 678 A.2d at 878-79. As such, defendants' motion to dismiss should be granted.

The Rhode Island Supreme Court has stated, "[i]f a plaintiff seeks to toll the running of 9-1-14(b) in a sexual molestation action asserted against a nonperpetrator, he or she must do so pursuant to §9-1-19..." Id. The Court has also clearly stated "neither that policy reason, nor any

[5] Rhode Island has allowed for the limited use of the discovery rule in "certain narrowly circumscribed" situations such as cases involving medical malpractice, claims relating to improvements to real estate, and actions concerning drug product liability. Mills v. Para-Chem et al., 2005 U.S. Dist. LEXIS 8202 (April 11, 2005) at *11-12 citing Wilkinson v. Harrington, 243 A.2d 745, 747-48 (R.I. 1968)(malpractice), Lee v. Morin, 469 A.2d 358, 359-360 (R.I. 1983)(real estate), and Anthony v. Abbott Labs., 490 A.2d 43, 44, 48 (R.I. 1985). (real estate).

other policy concerns, are strong enough to support judicial application of the discovery rule against nonperpetrator-defendants." Id.

Since the instant defendants, namely the City of Warwick Treasurer, Warwick Police Department, and Chief Stephen McCartney, are clearly non-perpetrator defendants, the discovery rule will not apply. As such, defendants' motion to dismiss should be granted.

**C. Continuing Torts**

In an attempt to circumvent the statute of limitations bar to all of his claims, plaintiff, without citing any supporting case law, attempts to argue that "certain actions" of instant defendants constitute "continuing torts". *See Plaintiff's Objection, Page 15, Section VIII.* Within this argument, plaintiff specifically refers to criminal statutes, specifically *R.I. Gen. Laws §11-32-5*, Intimidation of a Witness and Victims of Crimes, and *R.I. Gen. Laws §11-37-3.1*, Duty to Report Sexual Assault, to support this specious argument.

Within his allegations under *R.I. Gen. Laws 11-32-5*, plaintiff alleges that "Perpetrator Defendant Edward Conway" threatened his safety and the safety of his father and he "remains in reasonable fear" and "assets [sic] the accrual of the action based upon his diagnoses by the mental health care providers" *Id., Page 17.*

Defendants respond that, notwithstanding the fact that these criminal allegations have nothing to do with the civil claims against the instant defendants, or the tolling of the statute of limitations, this unsupported objection entirely fail to reference, let alone conform, with Rhode Island law and "continuing torts" law in response to defendants' motion to dismiss based on the statute of limitations. Further, plaintiff's argument would imply that all claims are tolled while a potential plaintiff remained subjectively afraid.

In general, "[s]tatutes of limitations are enacted to bring finality to disputes, thereby

enabling parties to conduct their affairs secure in the knowledge that the matter has been closed". Smith, 997 F.Supp. 226, 236 (D.R.I. 1998). Further, statutes of limitations, "prevent the injustice that may result from requiring a defendant to litigate a state or fraudulent claim raised long after relevant evidence has been destroyed, witnesses have become unavailable or memories have dimmed. *Id.* And, "[t]hese considerations outweigh the risk that meritorious claims occasionally may be foreclosed, particularly since the claimants can avoid that risk by acting with due diligence." *Id.* Plaintiff's alleged "continuing tort" theory is in direct contradiction to the purposes of "finality" and "justice" behind statutes of limitation requirements. Smith, 997 F.Supp at 236. As a result, defendants' motion to dismiss should be granted.

Similarly, within his unsupported objection citing a criminal statute relating to duty to report sexual conduct, plaintiff alleges that "defendant never reported the sexual assaults he committed against the person of the plaintiff" and "even to this day the cause of action as [sic] not begun to accrue" *See Plaintiff's Objection, Page 18.* Again, these allegations have nothing to do with the civil claims against the instant defendants, or the tolling of the statute of limitations. These allegations fail to reference any Rhode Island law. As a result, defendants motion to dismiss should be granted.

## III. CONCLUSION

For the reasons set forth herein, as well as those already presented in Defendants Memorandum in Support of their Motion to Dismiss in Lieu of Answer, and those that may arise at hearing, these defendants respectfully request that this Court grant their Motion to Dismiss in Lieu of Answer.

Defendants,

By their attorneys,

/s/ Marc DeSisto
/s/ Karen K. Corcoran
Marc DeSisto, Esq. (#2757)
Karen K. Corcoran, Esq. (#6877)
DESISTO LAW
211 Angell Street
P.O. Box 2563
Providence, RI 02906-2563
Phone: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com
karen@desistolaw.com

CERTIFICATION OF SERVICE

This document has been filed electronically and is available for viewing and downloading from the ECF system. I hereby further certify that a true copy of the within Reply Memorandum was mailed, postage prepaid, on this _______ day of August, 2006 to:

Michael P. Tatro, Pro Se
P.O. Box 8249
Cranston, RI 02920

/s/ Karen K. Corcoran